UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 26-cv-000663

LORRIE LAVERY as Trustee of the Michael B and Lorrie J Lavery Revocable Living Trust,

    Plaintiff,

v.

ACCELERANT SPECIALTY INSURANCE COMPANY, HADRON SPECIALTY INSURANCE COMPANY, SPINNAKER SPECIALTY INSURANCE COMPANY, TEXAS INSURANCE COMPANY, PALOMAR EXCESS AND SURPLUS INSURANCE COMPANY, AND CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SYNDICATES PER UMR B0507GO2500002,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff, MICHAEL B AND LORRIE J LAVERY REVOCABLE LIVING TRUST (hereinafter "Plaintiff"), by and through the undersigned attorneys, brings this action against the Defendants, ACCELERANT SPECIALTY INSURANCE COMPANY, HADRON SPECIALTY INSURANCE COMPANY, SPINNAKER SPECIALTY INSURANCE COMPANY, TEXAS INSURANCE COMPANY, PALOMAR EXCESS AND SURPLUS INSURANCE

COMPANY, AND CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SYNDICATES PER UMR B0507GO2500002 (hereinafter "Defendants"), and alleges the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 & 1391. The parties have complete diversity of citizenship, the amount in controversy is more than $75,000.00, exclusive of costs, interest, and attorney's fees, and the events giving rise to this cause of action occurred in this District.

## PARTIES

2. At all material times relevant to this Complaint, Plaintiff is the trustee for Michael B and Lorrie J Lavery Revocable Living Trust. Michael Lavery was previously a trustee but has since passed away. The trust remains in the possession and control of Lorrie Lavery who remains the sole beneficiary and trustee of the trust. Plaintiff is a resident of Collier County, Florida, and is otherwise *sui juris*.

3. Defendant ACCELERANT SPECIALTY INSURANCE COMPANY has been and is now a Surplus Lines Insurance Carrier incorporated in the State of Arizona governed by Chapter 626, Florida Statutes, is authorized to write insurance in the State of Florida, and is otherwise *sui juris*.

4. Defendant HADRON SPECIALTY INSURANCE COMPANY has been and is now a Surplus Lines Insurance Carrier incorporated in the State of

Arizona governed by Chapter 626, Florida Statutes, is authorized to write insurance in the State of Florida, and is otherwise *sui juris*.

5. Defendant SPINNAKER SPECIALTY INSURANCE COMPANY has been and is now a Surplus Lines Insurance Carrier incorporated in the State of Texas governed by Chapter 626, Florida Statutes, is authorized to write insurance in the State of Florida, and is otherwise *sui juris*.

6. Defendant TEXAS INSURANCE COMPANY has been and is now a Surplus Lines Insurance Carrier incorporated in the State of Alabama governed by Chapter 626, Florida Statutes, is authorized to write insurance in the State of Florida, and is otherwise *sui juris*.

7. Defendant PALOMAR EXCESS AND SURPLUS INSURANCE COMPANY has been and is now a Surplus Lines Insurance Carrier incorporated in the State of Texas governed by Chapter 626, Florida Statutes, is authorized to write insurance in the State of Florida, and is otherwise *sui juris*.

8. Defendant CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SYNDICATES PER UMR B0507GO2500002 has been and is now a part of a corporate body governed by the Lloyd's Act of 1871 and Acts of the Parliament of the United Kingdom operating as a partially-mutualized insurance marketplace in which groups of financial backers known as "Syndicates" underwrite insurance

policies, is authorized to write insurance in the State of Florida, and is otherwise *sui juris*.

## GENERAL ALLEGATIONS

9. In consideration for the premiums paid to it, Defendants issued Plaintiff, through her trust, a valid, binding, and enforceable policy of insurance bearing Policy Number CSRYP/2503052 (hereinafter the "Subject Policy") that insured the Plaintiff's vessel, a 2021 53' Leopard PC named "Lorrie Ann," HIN: RACB5012G021 (hereinafter the "Scheduled Vessel") between May 23, 2025, and May 23, 2026. A true and correct copy of the Subject Policy is attached hereto and incorporated herein as **Exhibit "A."**

10. The Subject Policy was in full force and effect on or about August 10, 2025.

11. On or about August 10, 2025, a grounding resulting in a partial submersion caused direct physical loss and resultant/ensuing damages to the Scheduled Vessel (hereinafter the "Loss").

12. Direct, resultant, and/or ensuing damages caused by the Loss are covered under the Subject Policy.

13. Direct, resultant, and/or ensuing damages caused by the Loss are not expressly excluded from the Subject Policy.

14. Plaintiff timely notified Defendants of the Loss.

15. Defendants responded to the Loss by opening claim number NMA25014790 (hereinafter the "Claim").

16. The direct, resultant, and ensuing damages caused by the Loss and encapsulated in the Claim as alleged herein arose as a direct and proximate result the Loss that occurred on or about August 10, 2025.

17. Through its adjustment of the Claim, Defendants have been afforded the opportunity to fully inspect the Loss, investigate the cause of the Loss, and quantify the amount of the Loss.

18. Defendants inspected the Scheduled Vessel and, in turn, the Loss in its investigation of the Claim.

19. Ultimately, Defendants acknowledged coverage for the Claim subject to the terms and deductible provisions in the Subject Policy.

20. Defendants, through its coverage of the Claim, admitted liability for the Loss.

21. Defendants have yet to issue payment for the Loss.

22. Plaintiff has complied with all prerequisites, whether denominated conditions precedent, duties after loss, or otherwise, to receive benefits or proceeds under the Subject Policy, or maintain the instant suit for the breach or declaration of the Subject Policy. Alternatively, Defendants have waived or never had standing to

assert any prerequisites, whether denominated as conditions precedent, duties after loss, or otherwise.

## **COUNT I – DECLARATORY RELIEF**

23. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 22 as if fully set forth herein and further state:

24. This is an action for declaratory relief brought pursuant to Fla. Stat. § 86.011.

25. The Defendants received an estimate from Bradford Marine in Freeport, Grand Bahama, for the repairs to the Scheduled Vessel in the amount of $299,752.66.

26. The Plaintiff disputes that this amount is sufficient to return the Scheduled Vessel to its pre-loss condition.

27. The Plaintiff then obtained a complete survey and inspection report which netted damages totaling in the amount of $929,117.09. It is anticipated that there remain latent damages that can only be observed upon demolition of the Scheduled Vessel and, therefore, the total amount of damages may increase.

28. It is the position of the Plaintiff that the damages for which coverage was afforded (but not paid) render the Scheduled Vessel a total loss.

29. The Subject Policy defines total loss as follows:

> 'Constructive' or 'Compromised' Total Loss means where We determine that either the reasonable cost of repairs exceed the sum

insured, or where the net value being the sum insured, less the residual value of the Scheduled Vessel, is exceeded by or in Our opinion is likely to be exceeded by the reasonable cost of repairs.

*See E*x. A.

30. As such, Plaintiff is in doubt as to its rights under the Subject Policy and whether the damages to the Scheduled Vessel constitute a total loss.

31. Defendants' actions and positions taken demonstrate an actual, present practical need for declaration from this Honorable Court.

32. Plaintiff is entitled to have this Honorable Court remove all doubts raised by Defendants concerning the application of the facts of the Claim to the Subject Policy.

33. The declaration of these rights will address and resolve the dispute between Plaintiff and Defendants in order to allow the adjustment of the claim to be properly adjudicated.

34. As a result of this dispute, it has become necessary that Plaintiff retain the services of the undersigned attorneys. Plaintiff is obligated to pay costs. Plaintiff is entitled to reimbursement of these costs by the Defendants.

35. Should Plaintiff prevail in this action, Plaintiff shall be entitled to interest as prescribed by the governing laws.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to:

A. Take jurisdiction of the subject matter and parties thereto;

B. Determine applicable laws that apply to the Subject Policy;

C. Declare each policy provision not in conformity with the governing law be amended and reformed to comply with same;

D. Declare that any ambiguities in the Subject Policy be construed in favor of Plaintiff;

E. Declare that policy provisions be construed strictly and most strongly against the insurer, and liberally in favor of the insured, so as to affect the dominant purpose of indemnity or payment as outlined in the Subject Policy;

F. Declare that the Scheduled Vessel has sustained a total loss;

G. Declare that the Plaintiff is entitled to a claim for costs against Defendants, and to determine the amount of such costs to be paid to the Plaintiff; and

H. Determine and declare any other material matters pertaining to the respective rights and responsibilities under the Policy, as needed to do complete justice in this case.

## COUNT II - BREACH OF CONTRACT

36. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 22 as if fully set forth herein and further state:

37. Defendants have failed and/or refused to honor the contractual coverage in the Subject Policy by failing or refusing to compensate Plaintiff or pay benefits owed under the Subject Policy for the Claim based on the Loss.

38. Additionally, Defendants have failed or refused to honor the contractual coverage in the Subject Policy by failing or refusing to provide coverage for the

accurate scope or pricing of repairs necessary to place the Scheduled Vessel in its pre-Loss state.

39. Plaintiff has suffered damages including, but not limited to, insurance benefits under the Policy and damages from Defendants' breach of the Subject Policy.

40. Defendants' failure to timely and promptly pay all amounts due and owing under the Policy is a breach of the insurance contract.

41. As a result of this dispute, it has become necessary that Plaintiff retain the services of the undersigned attorneys. Plaintiff is obligated to pay costs. Plaintiff is entitled to reimbursement of these costs by the Defendants.

42. Should Plaintiff prevail in this action, Plaintiff shall be entitled to interest as prescribed by the governing laws.

43. Plaintiff respectfully requests that this Honorable Court enter an Award of general compensatory damages which result from Defendants' breach of contract in line with the scope and pricing necessary to place the Scheduled Vessel in its pre-Loss state, interest, costs, and any and all other relief deemed just and proper.

WHEREFORE Plaintiff respectfully requests this Court enter an Award of all:

A. General compensatory damages which result from Defendants' breach of contract, including those in line with the scope and pricing necessary to place the Scheduled Vessel in its pre-Loss state;

B. Interest;

 C. Costs incurred as a result of the instant litigation; and

 D. Any such other and further relief as this Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, MICHAEL B AND LORRIE J LAVERY REVOCABLE LIVING TRUST, demands a trial by jury on all issues so triable.

Respectfully submitted this day, March 9, 2026.

        CASSEL & CASSEL, P.A.
        Attorneys for Plaintiff
        4000 Hollywood Blvd.
        Suite 555-S
        Hollywood, FL 33021
        t: (954) 589-5504
        f: (954) 900-1768
        Service: pleadings@cassel.law

        */s/Michael A. Cassel*
        **Michael A. Cassel, Esq.**
        Florida Bar No. 97065